*In re* BATES.

*(District Court, S. D. New York. April 30, 1886.)*

1. BANKRUPTCY—VACATING DISCHARGE—KNOWLEDGE OF FACTS—PETITION BY EXECUTORS.

    A discharge in bankruptcy not being voidable for causes previously known to the creditor, no order to take testimony should be made upon a petition to vacate the discharge, unless the petition shows affirmatively reasonable cause to believe that the creditor was ignorant of the ground specified when the discharge was granted. The knowledge referred to in the statute is the knowledge of the creditor, not of his executors

2. SAME—SPECIFICATIONS ALLOWED.

    Specifications in this case allowed as to matters alleged to have occurred within a few days of the discharge; disallowed as respects other charges pending a long time previous.

Petition to Annul Discharge.

*T. C. Cronin,* for creditors.

*W. B. Harison,* for bankrupt.

BROWN, J. The bankrupt having obtained his discharge in this court by order granted on the twentieth of September, 1884, after

proceedings had been pending nearly six years, the petitioners, as executors of Alonzo Flack, file a petition, under section 5120 of the Revised Statutes, to annul the discharge, setting forth various specifications as grounds therefor. Flack was named in the bankrupt's schedule as a creditor, but he did not prove his debt, and died in March, 1885, some six months after the bankrupt's discharge. The petitioners, having qualified as executors, in their petition sworn to on the twenty-second day of December, 1885, after setting forth the grounds for avoiding the discharge, state that "they had not, nor had the said Alonzo Flack, to the best knowledge and belief of your petitioners, any knowledge of the matters and facts stated in the petition as the grounds of the application until after the discharge of the bankrupt was granted, to-wit, within a few days prior to the date hereof."

Such a discharge cannot be vacated unless the court is satisfied that the creditor, or his representatives, had no knowledge of the objections at the time the discharge was granted. No order of reference should, therefore, be made, unless it appears upon the petition that at least there was reasonable cause to believe that the creditor was ignorant of the grounds raised for avoiding the discharge. It would be unjust to initiate an expensive and harassing proceeding unless the petition presented a reasonable *prima facie* case in respect to the creditor's ignorance as well as in other particulars.

In this case the creditor did not prove his debt, and is now dead. The fact that his representatives had no knowledge of the grounds now raised is immaterial. The only question is whether the creditor had knowledge. The first two specifications relate to matters happening within a few days prior to the bankrupt's discharge; and there is a *prima facie* presumption, perhaps, that he was ignorant of those matters. No such presumption can be indulged in reference to the third, fourth, and fifth specifications, which are the same as were pending before the register for several years prior to the discharge. The mere averment by his executors that he had no knowledge, to the best of their belief, is not sufficient to put the bankrupt again upon trial in reference to those same matters so long pending.

The petitioners may take an order of reference to the register to take and report the evidence upon the first two specifications only. The other three are disallowed and stricken out.